IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREGORY ALLEN ROBINSON (TDCJ No. 1924476), Petitioner, V. LORIE DAVIS, Director Texas Department of Criminal Justice, Correctional Institutions Division,[1] Respondent. | § § § § § § § § § § § § § | No. 3:16-cv1706-B-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Through an action originally filed in the Eastern District of Texas, Petitioner Gregory Allen Robinson, a Texas inmate proceeding *pro se*, challenges five state convictions and sentences emanating from Dallas County, Texas. *See* Dkt. No. 1.

For the reasons explained below, the challenges to four state criminal judgments are successive, and Robinson has failed to exhaust state court remedies as to the other challenge. Therefore, the current 28 U.S.C. § 2254 habeas action should be dismissed without prejudice to Robinson's right, as applicable, to seek leave from the United States Court of Appeals for the Fifth Circuit to file a successive habeas application or fully exhaust his state court remedies.

---

[1] Lorie Davis has succeeded William Stephens as Director of the Texas Department of Criminal Justice, Correctional Institutions Division, and, as his successor, she is "automatically substituted as a party." FED. R. CIV. P. 25(d).

**Applicable Background**

Robinson is currently incarcerated for a total term of ten years pursuant to five 2014 convictions for burglary of a building (three convictions) and engaging in organized criminal activity (two convictions). *See State v. Robinson*, Nos. F13-34479, F13-61587, F13-6950, F13-61947, & No. F13-61951 (265th Jud. Dist. Ct., Dallas Cnty., Tex. 2014). The burglary conviction resulting from a trial (No. F13-34479) was affirmed on direct appeal. *See Robinson v. State*, No. 05-14-00521-CR, 2015 WL 1650062 (Tex. App. – Dallas Apr. 13, 2015, no pet.).

As to the current action, Robinson included his Section 2254 claims in a civil rights complaint he filed in the Eastern District of Texas (that also included a claim concerning an alleged delay in receiving medical care), and that court severed the habeas claims and transferred those claims to this Court. *See* Dkt. No. 5 (Robinson's "lawsuit involves two claims. The first is a challenge to his Dallas County convictions. He is suing Director William Stephens and the Frank Crowley Courts Building with respect to this claim.").

As Robinson's current construed habeas petition reflects, he has previously challenged these state criminal judgments in this Court. *See* Dkt. No. 1 at 2, 5 (referencing No. 3:15-cv-3821-D, filed in the Northern District of Texas).

In that action, this Court determined (1) that Robinson's challenge to one judgment (No. F13-34479) was unexhausted – that is, he failed to fully exhaust applicable state court remedies by obtaining a decision from the Texas Court of Criminal Appeals ("CCA") prior to filing a habeas application in this Court; (2) that

Robinson's challenges to three judgments (Nos. F13-61947, F13-61950, and F13-61951) were time barred; and (3) that Robinson's challenge to one judgment (No. F13-61587) was procedurally barred. *See Robinson v. Stephens*, 3:15-cv-3821-D-BK, 2016 WL 3004843 (N.D. Tex. Apr. 6, 2016), *rec. adopted*, 2016 WL 2989000 (N.D. Tex. May 24, 2016). The Court therefore concluded that all but his unexhausted claim should be dismissed with prejudice. *See id.*

## Legal Standards and Analysis

<u>Successive habeas application</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a state prisoner may file a "second or successive" application for federal habeas relief, *see generally* 28 U.S.C. § 2244, and "was enacted in part to bring finality to state court judgments," *Leal Garcia v. Quarterman*, 573 F.3d 214, 220 (5th Cir. 2009) (citing *Williams v. Taylor*, 529 U.S. 420, 436 (2000)). As the Fifth Circuit has explained,

> Section 2244 lays out the requirements for filing successive petitions, serving as gate-keeper by preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction. The statute does not define "second or successive," however, and we have made clear that a petition is not "second or successive" merely because it is numerically second. In *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998), we defined a "second or successive" petition as one that "1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." Section 2244 specifies when a later-in-time petition will be heard. Despite its strictures, the case law clarifies that there is a category of petitions that, even though later in time, are outside the confines of § 2244 and will be heard because they are not "second or successive" within the meaning of AEDPA.

*Id.* (footnotes omitted and internal citation modified).

Where multiple Section 2254 petitions attack the same state criminal judgment(s), a federal court "'look[s] to pre-AEDPA abuse of the writ principles in determining whether [a] petition is successive.'" *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008) (quoting *Crone v. Cockrell*, 324 F.3d 833, 837 (5th Cir. 2003)); *see id.* ("We held that Crone's petition was successive because he 'knew of all of the facts necessary to raise his [second] claim before he filed his initial federal petition.' This holding aligned with our 'strong policy against piecemealing claims.'" (quoting *Crone*, 324 F.3d at 837)).

The Court must determine whether a subsequent federal habeas application is second or successive within the meaning of AEDPA to ensure that there is subject matter jurisdiction. *See Leal Garcia*, 573 F.3d at 219 ("AEDPA requires a prisoner to obtain authorization from the federal appellate court in his circuit before he may file a 'second or successive' petition for relief in federal district court. Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition." (footnotes omitted)); *see also Crone*, 324 F.3d at 836 (collecting cases); *cf. Linzy v. Faulk*, No. 14-cv-962-BNB, 2014 WL 5355293, at *3 (D. Colo. Oct. 21, 2014) ("[t]he one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional," and "[t]here is no language in 28 U.S.C. § 2244(d) that would prohibit [a court] from bypassing the issue of timeliness if the claims asserted in the § 2254 Application are without merit" (citing *Day v. McDonough*, 547 U.S. 198, 205 (2006))).

A claim presented in a second or successive application under Section 2254 will

not be entertained unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). That determination must be made by a three-judge panel of a United States court of appeals before a petitioner files an application in federal district court. *See id.* § 2244(b)(3); *see also Garcia Briseno v. Dretke*, Civ. A. No. L-05-08, 2007 WL 998743, at *2 (S.D. Tex. Mar. 29, 2007) ("A circuit court preliminarily authorizes the filing of a successive action if a petitioner shows that it is 'reasonably likely' that his successive petition meets section 2244(b)'s 'stringent requirements.'" (quoting *In re Morris*, 328 F.3d 739, 740 (5th Cir. 2003))).

Robinson's challenges to four of his five state court judgments – Nos. F13-61587, F13-6950, F13-61947, and F13-61951 – are successive within the meaning of AEDPA. And his failure to obtain leave from the Fifth Circuit under Section 2244(b)(3) before filing this successive petition "acts as a jurisdictional bar to [this] district court's asserting jurisdiction over [it] until [the Fifth Circuit grants him] permission to file [it]." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citations omitted); *accord Crone*, 324 F.3d at 836; *Williams v. Thaler*, 602 F.3d 291, 301 (5th Cir. 2010). Thus,

> it is appropriate for the Court to dismiss the successive [habeas

> application] without prejudice pending review by a three-judge panel of the Fifth Circuit[, but] it is also appropriate to transfer [it] to the Fifth Circuit for a determination of whether [Robinson] should be allowed to file the successive [application] in the district court.

*United States v. King*, Nos. 3:97-cr-0083-D-01 & 3:03-cv-1524-D, 2003 WL 21663712, at *1 (N.D. Tex. July 11, 2003) (citing *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997)), *rec. adopted*, 3:03-cv-1524-D, Dkt. No. 7 (N.D. Tex. July 28, 2003). Given the posture of this case, "a dismissal without prejudice appears more efficient and better serves the interests of justice than a transfer in this instance," *King*, 2003 WL 21663712, at *1.

<u>Exhaustion</u>

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A). This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989); *see also Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015) ("The exhaustion doctrine demands more than allusions in state court to facts or legal issues that might be comprehended within a later federal habeas petition. The exhaustion doctrine is based on comity between state and federal courts, respect for the integrity of state court procedures, and 'a desire to protect the state courts' role in the enforcement of federal law.'" (quoting *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (in turn quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)))). In Texas, a prisoner must present his claims to the CCA in a petition for discretionary review or an application for state post-conviction relief. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).

The current construed petition and online records of the CCA reflect that Robinson has failed to exhaust the applicable burglary-of-a-building conviction (No. F13-34479), previously found to be unexhausted, *see Robinson*, 2016 WL 3004843, at *2, by obtaining a decision from the CCA, *see, e.g., Ex parte Robinson*, WR-71,546-12 (Tex. Crim. App. June 13, 2016) (reflecting that a state habeas application has been received but that no decision has been rendered). As to this conviction, Robinson therefore has failed to exhaust state court remedies in a procedurally correct manner, and his challenge to this state criminal judgment also should be dismissed without prejudice. *Cf. Barrientes v. Johnson*, 221 F.3d 741, 751 (5th Cir. 2000) (subsequent filing not successive when prior filing raised same claims but was dismissed without prejudice); *In re Gasery*, 116 F.3d 1051, 1052 (5th Cir. 1997) (under AEDPA, a habeas petition refiled after a dismissal without prejudice is neither second nor successive).

## Recommendation

The Court should dismiss this Section 2254 action without prejudice to Robinson's right, as applicable, to seek leave from the United States Court of Appeals for the Fifth Circuit to file a successive habeas application or fully exhaust his state court remedies.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: July 14, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE